33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carlos ROLDAN, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-2973.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 9, 1994.*
Decided Aug. 23, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Carlos Roldan appeals from the district court's denial of his motion to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255. As a result of a government reverse-buy sting operation, Roldan was convicted of possession with the intent to distribute approximately fifteen kilograms of cocaine, and was sentenced to 200 months of imprisonment. 21 U.S.C. Sec. 841(a)(1). On direct appeal, Roldan challenged only the calculation of his sentence, which was affirmed in an unpublished order. United States v. Roldan, No. 91-2139, (7th Cir. June 29, 1992). Roldan now alleges that he was denied the effective assistance of trial counsel because counsel failed to call him as a witness, to raise defenses of entrapment and outrageous government conduct, to object to the admission of evidence of his prior drug dealings with the government informant, and to raise a "sentencing entrapment" argument to seek a lower sentence. He also claims that his appellate counsel was ineffective in failing to challenge trial counsel's effectiveness on direct appeal.
 
 
 2
 We find that Roldan has waived the ineffective assistance of trial counsel claim because he did not have a valid reason for having postponed raising the issue until the collateral stage. See Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993). Roldan presents no extrinsic evidence to support the claim. Nor does he demonstrate that the ineffectiveness claim was such that at the time of his direct appeal, it had reasonably appeared that new evidence might be necessary. Moreover, his appellate counsel was not his trial counsel. Other than his bare allegations that he had intended to gather more evidence and that his appellate counsel refused to raise the claim due to his policy not to "dirty-up" trial attorneys, Roldan provides no reason for the postponement. Thus, Roldan's ineffective assistance of trial counsel claim is barred.
 
 
 3
 With respect to his ineffective assistance of appellate counsel claim, Roldan must show that counsel's performance was deficient and that such deficient performance so prejudiced his appeal as to render the result of the proceeding unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a presumption that counsel performed adequately. Strickland, 466 U.S. at 689. In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record. Hollenback v. United States, 987 F.2d 1272, 1275 (7th Cir.1993). Nonetheless, when "appellate counsel fails to present significant and obvious issues on appeal," his conduct falls below the standard of objective reasonableness. Id. Thus, we must determine whether appellate counsel's decision not to raise an ineffective assistance of trial counsel claim fell below competent professional judgments.
 
 
 4
 Roldan argues that trial counsel failed to present any defense, especially the defenses of entrapment and outrageous government conduct. As the district court found, however, trial counsel presented a vigorous defense, arguing that the government's key witness could not be believed and that Roldan did not knowingly possess the 15 kilograms of the cocaine. Thus, appellate counsel was not ineffective in failing to challenge trial counsel's performance. Nor can appellate counsel be faulted for failing to question trial counsel's decision not to raise an entrapment defense. Entrapment is shown if the defendant was induced by the government to commit a crime that he was not predisposed to commit. United States v. Gonzalez, 19 F.3d 1169, 1172 (7th Cir.1994). In Roldan's case, there is sufficient evidence of predisposition--he had been fronted significant quantities of cocaine on several occasions by the same drug-dealer, who subsequently cooperated with the government to conduct the charged transaction. Roldan expressed no reluctance to accept the offer under the same terms, and was clearly engaging in this activity in order to make a profit. See United States v. Jones, 21 F.3d 165, 171 (7th Cir.1994); United States v. Sanchez, 984 F.2d 769, 773 (7th Cir.1993). It is likely that if the government had not induced him to commit the crime someone else would have done so. See United States v. Hollingsworth, No. 92-2399, slip op. at 5-6 (7th Cir. June 2, 1994) (en banc). Because it is improbable that an entrapment defense would have succeeded, Roldan suffered no prejudice by trial counsel's failure to raise the entrapment defense. It follows that appellate counsel's decision not to challenge trial counsel's effectiveness with respect to this issue did not prejudice Roldan.
 
 
 5
 Similarly, appellate counsel could not have successfully challenged trial counsel's decision not to raise the defense of outrageous government conduct. This circuit has questioned the validity of the defense of outrageous government conduct, and has yet to overturn a conviction on that ground. See United States v. Hayward, 6 F.3d 1241, 1256 (7th Cir.1994); United States v. Van Engel, 15 F.3d 623 (7th Cir.1993), cert. denied, 114 S.Ct. 2163 (1994). Moreover, the defense, which stems from dicta in United States v. Russell, 411 U.S. 423, 431-32 (1973) and whose basis has never been satisfactorily articulated, has been expressly rejected by at least one federal circuit. See Tucker v. McDonald, No. 93-6028, 1994 WL 363882 (6th Cir. July 15, 1994). In any event, the defense could not have helped Roldan's case. We have said that a conventional sting operation, as is the one in Roldan's case, is not so shocking to the universal concept of justice as to violate a defendant's due process rights. See United States v. Koller, 956 F.2d 1408, 1416-17 (7th Cir.1992) (government's supplying of cocaine to its informant, the defendant's supplier, for transaction in amount greater than any of defendant's previous transactions with the informant, involved no more than conventional sting operation and does not constitute outrageous government conduct); see also United States v. Muskovsky, 863 F.2d 1319, 1328 (7th Cir.1988).
 
 
 6
 Roldan also claims that trial counsel should have called him as a witness. According to Roldan, had he been called as a witness, he would have testified as to how he was entrapped by the government informant. As discussed before, however, the entrapment defense was not likely to succeed in Roldan's case. Thus, Roldan's testimony would not have been helpful. In fact, Roldan might have been discredited on cross-examination given his prior drug transactions with the government informant.
 
 
 7
 Roldan next argues that trial counsel should have objected to the admission of evidence of his prior uncharged drug dealings with the government informant. However, under Federal Rule of Evidence 404(b), evidence of other misconduct is admissible for such purposes as proof of motive, opportunity, intent, or knowledge. United States v. Betts, 16 F.3d 748, 756 (7th Cir.1994). The evidence of Roldan's prior drug transactions were used to show Roldan's knowledge, intent, and his working relationship with the government informant, who had "fronted" Roldan cocaine on several occasions and had used similar code language as he did in the charged transaction. Thus, even if trial counsel had objected to its admission at trial, it is unlikely that the objections would have been sustained.
 
 
 8
 Finally, Roldan argues that trial counsel should have raised a "sentencing entrapment" argument to seek a lower sentence, presumably under U.S.S.G. Sec. 5K2.0. He argues that his sentence range was pre-selected by the government because of the drug amount offered for sale. According to Roldan, had counsel argued that such purposeful manipulation of drug amounts was unsavory and should mitigate against the severity of his crime, he would have received a sentence within the range 121 to 151 months, rather than the 200 months actually imposed. However, even if Roldan was entitled to a downward departure, it is doubtful that the difference in sentence would have been sufficient to render the Roldan's actual sentence unreliable or fundamentally unfair. See Durrive v. United States, 4 F.3d 548 (7th Cir.1993). Moreover, this court has said that "sentencing entrapment" by itself does not constitute a mitigating circumstance for a downward departure unless it rises to the level of true entrapment or outrageous government conduct. See United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994). As is evident from the above discussion, Roldan's case clearly does not present such a situation. In any event, there is no evidence of sentence manipulation because Roldan was the one who asked for 15 kilograms of cocaine out of the 50 kilograms offered to him.
 
 
 9
 Because Roldan's trial counsel performed adequately, the appellate counsel cannot not be faulted for failing to raise an ineffective assistance of trial counsel claim. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record