65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary Lee RENICKS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2732.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.*
Decided Sept. 1, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Gary Renicks was convicted of distributing cocaine (and conspiracy to do so), and of carrying a firearm during a drug offense. His convictions and sentences were affirmed on direct appeal. United States v. Banks, 964 F.2d 687 (7th Cir.1992). He filed a petition under 28 U.S.C. Sec. 2255; the district court dismissed it, and Renicks did not pursue an appeal. Instead he filed a second petition under Sec. 2255, which the district judge dismissed as an abuse of the writ. So it is.
 
 
 2
 Renick's current petition, read in light of the briefs and motions filed in the district court, makes four claims:
 
 
 3
 1. That the district court improperly amended the indictment;
 
 
 4
 2. That the district court improperly increased the offense level for sentencing purposes;
 
 
 5
 3. That Renicks received ineffective assistance of counsel; and
 
 
 6
 4. That he should be resentenced under an amendment to the Guidelines that became effective in November 1994.
 
 
 7
 The first and second of these contentions are based on the record of trial and sentencing. They could have been raised on direct appeal, or in the first petition, and were not. To open claim # 1 to examination now, Renicks must show cause for the default and prejudice. Claim # 2 is not cognizable even if cause and prejudice are shown, for it is not based on the Constitution. As we held in Scott v. United States, 997 F.2d 340 (7th Cir.1993), only a fundamental miscarriage of justice opens to collateral attack claims based on the Sentencing Guidelines. Renicks has not suffered such a calamity. Nor does his attack on counsel permit sentencing arguments. United States v. Durrive, 4 F.3d 548 (7th Cir.1993).
 
 
 8
 Ineffective assistance would provide "cause" for omitting claim # 1 from the direct appeal, but as the district court pointed out the argument comes too late; Renicks lacks cause for failing to make his ineffective-assistance claim (and claim # 1 itself) in his first collateral attack. As for claim # 4, there is "cause" in the sense that Renicks could not have anticipated an argument based on a recent amendment, but this does not avoid Scott--or for that matter 18 U.S.C. Sec. 3553(a)(4), which requires the court to use the guidelines in force at the time of sentencing. The Sentencing Commission may authorize a court to reduce sentences based on post-sentencing amendments, but the 1994 change to which Renicks points was not accompanied by such authorization. Anyway, even authorization to reduce a sentence is not a command to do so.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement agreeing with our tentative assessment, so the appeal is submitted for decision on the briefs and record