67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tommy Dale UNDERWOOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1548.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 27, 1995.
Rehearing Denied Nov. 29, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Tommy Underwood pleaded guilty to one count of conspiracy to distribute marijuana and one count of money laundering. See 21 U.S.C. Sec. 846; 18 U.S.C. Sec. 1956. He disagreed, however, with the amount of marijuana attributed to him in the Presentence Investigation Report ("PSI") as well as to an enhancement for his role as a manager in the offense and to the failure to group his offenses under the Sentencing Guidelines pursuant to U.S.S.G. Secs. 3D1.1-1.4. Although his attorney, Donald Groshong, did not raise these particular objections at the sentencing hearing, he presented other arguments to the court for a lower sentence. The government recommended a 97-month term of incarceration, the bottom of the applicable Sentencing Guidelines range, to which the sentencing court agreed. When Underwood and his father inquired about an appeal to reduce the sentence, the attorney advised against it. No appeal was filed.
 
 
 2
 Underwood then moved the court to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. Sec. 2255, raising his objections to the PSI and alleging that he received ineffective assistance of trial counsel. The district court denied the motion, finding no merit to the sentencing objections and concluding that Underwood himself had been given the opportunity to object at the sentencing hearing. Because he did not, the objections were waived and the ineffective assistance of counsel claim was without merit.
 
 
 3
 When reviewing a district court's decision to deny the petitioner's Sec. 2255 motion, we review all questions of law de novo and all factual determinations for clear error. Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). An evidentiary hearing need not be held if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts.
 
 
 4
 Collateral relief under Sec. 2255 is not a substitute for a direct appeal. Olmstead v. United States, 55 F.3d 316, 318 (7th Cir.1995). Absent extraordinary circumstances, a misapplication of the Sentencing Guidelines is not cognizable in a Sec. 2255 motion. Scott v. United States, 997 F.2d 340, 343 (7th Cir.1993). Nor may such issues be raised under the guise of an ineffective assistance of counsel claim unless the defendant establishes that counsel's errors rendered the result unreliable or the sentencing proceeding fundamentally unfair. See Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993).
 
 
 5
 The grouping error alleged by Underwood is merely a technical error resulting in only a one-level increase in the base offense level. This claim is not cognizable in a Sec. 2255 motion. Durrive, 4 F.3d at 550-51; Scott, 997 F.2d at 342-43. Underwood's other claims, however, concern the accuracy of the information contained in the PSI which was used to sentence him and therefore may be addressed in a motion for collateral review. See United States v. Tucker, 404 U.S. 443, 447 (1972) (court's reliance on false information at sentencing raises due process concerns). To establish cause for his failure to raise these sentencing issues on direct appeal, Underwood contends that his attorney provided ineffective assistance of counsel. See Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993) (issues not raised on direct appeal are waived unless the defendant establishes cause for the procedural default and prejudice from the failure to appeal), cert. denied, 114 S.Ct. 939 (1994).
 
 
 6
 To establish ineffective assistance of counsel, Underwood must demonstrate that counsel's performance was deficient and that this deficient performance prejudiced the defense. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Underwood claims that his attorney refused to make the objections to the PSI because of Underwood's prior drug conviction, which subjected him to a mandatory minimum sentence of ten years under 21 U.S.C. Sec. 851. After the government revealed that it would request a 97-month sentence only, Mr. Groshong allegedly told Underwood that he would still not raise certain objections at sentencing because he did not want to "rock the boat" and subject Underwood to the possibility of a ten-year sentence. According to Underwood, Mr. Groshong also advised against an appeal because the government could then ask for the ten-year mandatory minimum prison term upon resentencing.
 
 
 7
 Underwood correctly notes that the United States Attorney was required to file an information with the court listing Underwood's previous conviction prior to trial or before entry of a plea of guilty before the ten-year mandatory minimum sentence could be imposed. 21 U.S.C. Sec. 851(a)(1). Because the information was not filed before Underwood entered his plea of guilty, Underwood was not subject to the ten-year sentence. Furthermore, an appeal raising solely sentencing issues would not have exposed Underwood to the potential imposition of the mandatory minimum upon resentencing because the entry of the guilty plea would still have been valid.
 
 
 8
 Mr. Groshong's alleged ignorance of the law, however, is not substantiated by the record. Respondent submitted Mr. Groshong's affidavit along with a letter Mr. Groshong wrote to the U.S. Probation Office objecting to the original PSI's suggestion that Underwood was eligible for the ten-year mandatory minimum sentence because the government had not complied with the notice requirement of Sec. 851(a).[1] The PSI was subsequently revised, recommending a sentence within the guideline range of 97 to 121 months. Mr. Groshong therefore knew that the mandatory minimum could not be imposed at sentencing even if the government requested it.
 
 
 9
 In his reply brief before the district court and on appeal, Underwood now admits that he "engaged in speculation and conjecture in his 2255 [motion] as to why his counsel acted a certain way," but that nonetheless the reasons behind Groshong's advice to him should be pursued in an evidentiary hearing. An evidentiary hearing, however, need not be granted if the petitioner makes only conclusory or speculative allegations rather than specific factual allegations or if the record conclusively demonstrates that a petitioner is entitled to no relief. Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995). Underwood's earlier contentions, that his attorney's advice was based on the alleged belief that the mandatory minimum sentence could still be applied, were hardly expressed in a speculative manner. By admitting the untruthfulness of his initial allegations, Underwood is left without a credible ineffective assistance of counsel claim.[2] Accordingly, Underwood has not established cause for his failure to appeal these issues and they are waived.
 
 
 10
 Underwood also challenges the district court's refusal to grant him leave to proceed in forma pauperis on appeal. The district court concluded that petitioner was fully capable of paying the $105 filing fee because Underwood carried an average balance of $1500 in his prison account over the last six months and the current balance was $200. It appears that the district court made an error in fact because Underwood's affidavit actually indicates that his average monthly intake was approximately $1600 and his average expenses totalled over $1500. Nonetheless, we find no reason to grant in forma pauperis status in this case. After the district court's denial, Underwood could have petitioned this court for a waiver of the filing fee; instead, he paid it. Moreover, Underwood has made no attempt to itemize his monthly expenses to explain why he cannot pay a $105 filing fee with average monthly deposits of $1600.
 
 
 11
 In forma pauperis status should be granted where the litigant cannot pay the filing fees or give security and still provide himself and his dependents with life's necessities. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 260 (7th Cir.1987). Underwood's necessities are provided him by the federal government and his discretionary funds were more than ample to pay the filing fee.
 
 
 12
 Because Underwood failed to make credible allegations of ineffective assistance of counsel, the district court's denial of his Sec. 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. The appeal is submitted on the briefs and the record
 
 
 [1]
 Underwood contests the district court's reliance on this letter, the grand jury transcripts, and other material in denying his Sec. 2255 motion. The district court had the authority to direct the respondent to expand the record with "materials relevant to the determination of the merits of the motion." Rule 7(a), Rules Governing Section 2255 Proceedings in the United States District Courts. Underwood was provided copies of these documents but did not admit or deny their correctness in either his reply brief filed after the district court's decision or the motion to reconsider. See Rule 7(c)
 
 
 [2]
 Underwood does not allege in his Sec. 2255 motion that Mr. Groshong failed to pursue an appeal despite his insistence that one be filed. See Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994) (Although a lawyer properly may try to talk the defendant out of an imprudent appeal, the failure to file an appeal despite the defendant's request to do so is per se ineffective assistance of counsel)