78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Filiberto FRIAS-CASTRO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2916.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided Feb. 27, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Filiberto Frias-Castro pleaded guilty to conspiracy to distribute cocaine. The district court found that the quantity exceeded five kilograms, which, together with Frias-Castro's prior conviction for a drug felony, called for a 20-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A). The district court imposed the lowest authorized sentence. Frias-Castro appealed, contending that 20 years' imprisonment violates the eighth amendment's prohibition against cruel and unusual punishments. We rejected that argument and affirmed. United States v. Lebron, No. 92-1064 (7th Cir. Dec. 28, 1992). Later Frias-Castro filed a petition under 28 U.S.C. § 2255, reiterating that constitutional challenge and adding other arguments in support of a lower sentence. The district court ruled against him, and Frias-Castro appeals for a second time.
 
 
 2
 An argument raised and resolved on appeal cannot be entertained under § 2255 unless intervening legal developments call the decision into question. Frias-Castro does not identify any such developments, and we are not aware of any, so this ground is foreclosed. The remaining contentions--that the government manipulated the transaction to activate the minimum penalty for a five-kilogram sale; that he should not be held accountable for the whole five kilograms; and that his prior conviction is not the kind that leads to enhancement (his conviction was for using a telephone to facilitate a drug offense, in violation of 21 U.S.C. § 843(b))--could and should have been presented on direct appeal. Arguments contesting the calculation and application of the many variables relevant to modern sentencing must be raised on direct appeal; they are not cognizable under § 2255. See Scott v. United States, 997 F.2d 340 (7th Cir.1993).
 
 
 3
 In an effort to avoid this rule, Frias-Castro blames his lawyer for omitting them from the direct appeal. This maneuver is not a sure-fire way to avoid the holding of Scott, see United States v. Durrive, 4 F.3d 548 (7th Cir.1993), and in any event rests on a false premise. Frias-Castro contends that because his appellate lawyer was the same person who furnished ineffective assistance by omitting the arguments at sentencing, he has good cause for raising these contentions belatedly. Yet Frias-Castro was represented at sentencing by Peter B. Alexander and in this court by James D. Lynch. None of the arguments here is based on evidence unavailable to Lynch at the time of the first appeal. This case is therefore governed by Scott, and the judgment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record