111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Guillermo Solis RUVALCABA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1950.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 11, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Guillermo Solis Ruvalcaba appeals the district court's denial of his motion for relief pursuant to 28 U.S.C. § 2255. Ruvalcaba pleaded guilty to conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. 21 U.S.C. §§ 841, 846. He was sentenced in June 1993 to a ten-year term of imprisonment. He did not file a direct appeal. In his § 2255 motion Ruvalcaba claims ineffective assistance of counsel, citing several alleged errors: counsel's failure to challenge the legality of the search of Ruvalcaba's car; failure to force the government to honor its promise in the plea agreement to seek a downward departure; failure to appeal the sentence on the ground that the government failed to honor the plea agreement; and counsel's not presenting evidence at sentencing to show that Ruvalcaba merited a downward departure. The district court denied the motion and Ruvalcaba appeals.
 
 
 2
 Before addressing the merits of Ruvalcaba's claim, we must evaluate the consequences of his failure to file a direct appeal. Failure to pursue a claim on direct appeal usually bars a petitioner from raising the claim in a § 2255 motion unless he can show cause and prejudice, or that a fundamental miscarriage of justice will result if the court refuses to address his claim. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). However, because it would not be reasonable to expect an attorney to file an appeal claiming that his own ineffectiveness led to his client's conviction, when a defendant has the same attorney at trial and on direct appeal, the defendant may present the ineffective assistance of counsel claim for the first time in a § 2255 motion. Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993). Here, no direct appeal was filed, so this is not a case in which the attorney who represented the defendant at trial files an appeal but omits the ineffective assistance of counsel claim. Nevertheless, Ruvalcaba had not retained new counsel prior to the expiration of the period for him to file a notice of appeal. It would be no more reasonable to expect an attorney to advise a client to file an appeal on the ground that he (the attorney) had been ineffective than it would be to expect the attorney to argue, once the appeal had been filed, that he had been ineffective. Therefore, Ruvalcaba may raise his ineffective assistance of counsel claim for the first time in a § 2255 motion.
 
 
 3
 In order to prevail upon his claims, Ruvalcaba must show that his attorney's performance was deficient and that counsel's errors prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to satisfy the performance prong the defendant must show that counsel's acts or omissions, viewed as of the time of such conduct, "were outside the wide range of professionally competent assistance." Id. There is a strong presumption that counsel performed adequately and we will not find performance to be deficient merely on the ground that a strategic decision proved unwise. Id.; Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994) ("[T]he Constitution does not ensure that every defendant receives the benefit of superior advocacy--how could it, given that half of all lawyers are below average?"). As for the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because one must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim, a failure to show one or the other will defeat the claim. Ruvalcaba has failed to satisfy either component of this doctrine. Therefore, we affirm the district court's order denying his § 2255 motion.
 
 
 4
 Ruvalcaba asserts that counsel did not perform adequately at the hearing on the motion to supress evidence obtained by means of a consent search of his car and that he failed to appeal the denial of this motion. Ruvalcaba claims that his attorney should have put him on the stand and been more thorough in his cross-examination of the officer who conducted the search. It is apparent from the order of the district judge, who presided at the hearing on the motion to suppress, that he believed the officer's testimony and that neither testimony from Ruvalcaba nor further cross-examination of the trooper would have changed the judge's finding that Ruvalcaba had consented to the search. Ruvalcaba cannot show that the proceeding was unfair or unreliable and, therefore, he has failed to establish prejudice. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Mason v. Hanks, 97 F.3d 887, 893 (7th Cir.1996). Moreover, the judge's description of the hearing indicates counsel performed competently in pursuing this issue. Also, an appeal would have been fruitless and therefore Ruvalcaba's ineffectiveness claim on this matter also fails.
 
 
 5
 Ruvalcaba next claims that counsel was ineffective in failing to insist that the government honor the plea agreement and by not appealing this alleged breach. The plea agreement provided in part:
 
 
 6
 Based on the complete and total cooperation on the part of the defendant, the Government may, in the sole discretion of the United States Attorney, file a Rule 35 Motion at the appropriate time advising the Court of a recommended reduction of sentence. The amount of reduction rests in the sole discretion of the United States Attorney, and, if made, will be to a sentence in a range between the sentence actually imposed and 96 months.... This paragraph applies only if the assistance rendered by the Defendant is found to be complete and thoroughly truthful....
 
 
 7
 (R. 103) (underline in the original; italics added). The government did not make the recommendation for reduction in sentence and the judge imposed the statutory minimum term of imprisonment of ten years. 21 U.S.C. § 841(b). In its response to Ruvalcaba's § 2255 motion, the government stated that it did not make a motion to reduce his sentence because he "did not fully cooperate with the United States...." (R. 103 at 4.)
 
 
 8
 Because the plea agreement gave the government complete discretion to determine whether to recommend a departure, the government's failure to do so was not a breach of the agreement. See United States v. Spillman, 924 F.2d 721, 725 (7th Cir.1991) ("There was no provision in the agreement that required the government to move for a downward departure. [The defendant] and his attorney could have negotiated for the inclusion of a specific promise to request a downward departure [but did not do so].") Therefore, it would have been fruitless for Ruvalcaba's attorney to attempt to force the government (whatever Ruvalcaba means by this) to recommend a downward departure in the district court or to appeal the government's failure to make the recommendation. Counsel's performance was not deficient and Ruvalcaba suffered no prejudice.
 
 
 9
 Ruvalcaba's final argument is that his attorney should have sought a downward departure at sentencing on the ground that Ruvalcaba's crime reflected "aberrant behavior," that in committing the crime he played a minimal role in the operation, that he had "extraordinary parental responsibilities and family circumstances, that he had an excellent employment history, and that he was subject to deportation." (R. 101 at 6-6a.) Issues regarding the application of the Sentencing Guidelines are not cognizable in a § 2255 motion. Scott v. United States, 997 F.2d 340, 342 (7th Cir.1993). Ruvalcaba, however, frames his argument in terms of ineffective assistance of counsel, a constitutional claim. In order to satisfy the prejudice prong of an ineffective assistance of counsel claim based upon a Guidelines issue the petitioner must show that the lawyer's failure to pursue the issue resulted in a significant increase in the sentence. Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993); see also Martin v. United States, No. 95-2033, slip op. at 2 (7th Cir. December 4, 1996) (per curiam), reh'g en banc denied, id. (March 19, 1997).
 
 
 10
 Counsel's failure to argue for a departure not only did not cause Ruvalcaba to receive a sentence that was significantly greater than he would have otherwise received; it made no difference at all. Section 5K2.0 gives the court discretion to depart from the penalty specified in the Guidelines. In this case, however, Ruvalcaba received the minimum sentence specified by statute. The court only has power to sentence the defendant to a term shorter than the statutory minimum if the Government makes a motion based upon the defendant's providing substantial assistance. 18 U.S.C. § 3553; U.S.S.G. § 5K1.1, Application Note 1. As we have already discussed, the government made no motion for departure and therefore the court had no authority to mete out a sentence below the statutory minimum. (Note also that when Ruvalcaba was sentenced, June 11, 1993, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (provisions that provide for sentences below the statutory minimum in certain cases involving 18 U.S.C. §§ 841 and 846) had not yet taken effect.) Therefore, Ruvalcaba has failed to show that he suffered prejudice from his attorney's failure to raise this issue. Moreover, an argument that the court should have departed below the statutory minimum would have been frivolous and counsel's decision not to assert such a claim should be praised, not labeled deficient.
 
 
 11
 We make an additional point with regard to Ruvalcaba's assertion that counsel was ineffective in failing to pursue an appeal on issues decided unfavorably to him in the district court. When an attorney fails to file an appeal despite defendant's requesting that he do so, it amounts to ineffective counsel per se, and the defendant need not show prejudice in order to prevail upon his ineffectiveness claim. Castellanos, 26 F.3d at 718-19. However, counsel's failure to file an appeal does not automatically result in such a finding; it is only when the client requests that the attorney file an appeal and the attorney then refuses or ignores the request that we grant relief without a showing of prejudice. Id. at 719. If counsel dissuades the defendant from appealing or the defendant leaves the decision to appeal to the judgment of his attorney, the attorney's failure to appeal will only be deemed ineffective assistance of counsel if the client can show prejudice. Id. Ruvalcaba does not claim that he requested that his attorney file an appeal; he implies that his attorney should have filed an appeal and that he (Ruvalcaba) was not sufficiently informed to make this decision. Therefore, we conclude that this was not a case where counsel was per se ineffective. Thus, because Ruvalcaba has not demonstrated prejudice he cannot prevail on his claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)