Ansel ALLEN, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–3329.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1998.

Decided April 27, 1999.

Rehearing and Suggestion for Rehearing
En Banc Denied July 7, 1999.

Richard H. McLeese (argued), Decker & Associates, Chicago, IL, for Petitioner–Appellant.

Cheryl Bell (argued), Office of the United States Attorney, Criminal Appellate Division, Stuart Fullerton, Office of the United States Attorney, Civil Division, Appellate Section, Chicago, IL, for Respondent–Appellee.

Before BAUER, DIANE P. WOOD, and EVANS, Circuit Judges.

BAUER, Circuit Judge.

Ansel Allen ("Allen") appeals from the district court's partial denial of his 28 U.S.C. § 2255 motion. He argues that if he hadn't been denied effective assistance of counsel, the sentencing judge would have found that his offense level was 34 rather than 36. Because, under *Durrive v. United States,* 4 F.3d 548 (7th Cir.1993), a difference of two offense levels does not meet the prejudice prong of the *Strickland* test for ineffective assistance of counsel, Allen's claim is not cognizable on collateral review. Therefore, we affirm.

## I. BACKGROUND

On June 7, 1989, a jury convicted Allen of one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963, two counts of importing cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and nine counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

At sentencing, the district judge found that the quantity of cocaine involved in the offenses put Allen's base offense level at 34. The judge then adjusted Allen's offense level to 36 to account for his role in the offenses and his criminal history level. Thus, Allen's Guideline range was 210–262 months. On October 2, 1989, the judge sentenced Allen to 210 months of imprisonment on each count, with the sentences to run concurrently. On direct appeal, we affirmed Allen's sentence and conviction. *United States v. McKenzie,* 922 F.2d 1323 (7th Cir.1991).

On August 17, 1995, Allen filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On September 26, 1995, the district court dismissed the petition without prejudice, and appointed counsel to assist Allen in preparing an amended § 2255 petition. The deadline for the new petition was November 5, 1995, subsequently extended to March 22, 1996. Nonetheless, Allen neither submitted a timely petition nor sought additional extensions. Approximately one year later, on March 20, 1997, Allen was granted per-

mission to file an amended § 2255 petition *instanter*.

In his amended petition, Allen asserted, *inter alia*, that his adjusted offense level would have been 34 rather than 36 if he had not been denied effective assistance of counsel during his sentencing hearing. More specifically, Allen contended that his attorney should have argued that Allen could not be held liable for drug transactions that occurred while he was in prison. Noting that Allen had been represented by the same attorney during sentencing and on direct appeal, the district court concluded that the ineffective assistance of counsel claim was cognizable even though Allen had not raised it on direct appeal. , *United States v. Allen*, 1997 WL 445823 at *1 n. 1 (N.D.Ill. July 31, 1997). However, the court held that the claim foundered on the prejudice prong of the *Strickland* test for ineffective assistance of counsel. *Id.* at *1. It reasoned that, under *Durrive v. United States*, 4 F.3d 548 (7th Cir.1993), a potential increase of two offense levels "is not significant enough to warrant relief." *Allen*, 1997 WL 445823 at *1. Therefore, on July 30, 1997, the district court denied the § 2255 petition as to this ineffective assistance of counsel claim (although it granted relief as to another claim that is not now at issue).

Allen requested that the district court grant him a certificate of appealability pursuant to 28 U.S.C. § 2253 so that he could appeal the partial denial of his § 2255 petition. However, the district court determined that § 2253 does not apply to Allen's appeal. (Order dated Sept. 18, 1997.) Accordingly, Allen filed an appeal with this Court. The government responded with a motion to dismiss for lack of a certificate of appealability. On April 9, 1998, we ordered that the issue be taken with the merits.

## II. DISCUSSION

### A. Certificate of Appealability

▆ The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to obtain a certificate of appealability before appealing the denial of a § 2255 petition. AEDPA sec. 102, Pub.L. 104–132, 110 Stat. 1214 (April 24, 1996), 28 U.S.C. § 2253(c)(1)(B). This certificate of appealability requirement does not apply to cases that were filed before the AEDPA's April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997) (Congress intended "to apply the amendments to chapter 153 only to such cases as were filed after the [AEDPA's] enactment."). The confusion about the necessity for a certificate of appealability in this case arises from the fact that the AEDPA was enacted after Allen's original § 2255 motion was dismissed without prejudice but before he submitted his amended petition.

The government contends that once Allen missed the final deadline for filing his amended petition the district court's dismissal of the original petition became final. Therefore, it asserts that the amended petition, filed on March 20, 1997, was a new petition that was filed after the effective date of the AEDPA. In support of this argument, the government cites to cases that hold that a losing litigant may appeal from a conditional dismissal once the time to satisfy the condition has expired. *See e.g. Murphy v. Walker*, 51 F.3d 714, 717 n. 3 (7th Cir.1995). But we have also held that there can be more than one opportunity to appeal a decision. *Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir.1994) (en banc). In this case, Allen elected to attempt to revive his petition rather than to appeal its dismissal. The district court granted Allen's request to file the amended petition *instanter*, thus excusing the petition's tardiness. Furthermore, the district court specifically found that "[t]hough eighteen months elapsed between the time Allen filed his original Section 2255 motion and the time he filed his amended motion, [Allen's] action was 'pending' at the time the AEDPA was enacted." (Order dated Sept. 18, 1997.) The government has presented no argument that convinces us to

the contrary. Therefore, Allen did not require a certificate of appealability.

## B. Prejudice under *Durrive*

■ It is well settled that, absent a fundamental miscarriage of justice, "arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir.1996) (per curiam). This rule is premised on the notion that "[a]djusting the offense level by two or three steps is exactly the routine decision that is supposed to be handled … on direct appeal." *Durrive*, 4 F.3d at 551. We are reluctant to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel. *See id.* at 550; *Martin*, 109 F.3d at 1178 ("[T]he sort of increase produced by a few levels' difference in sentencing calculations cannot be raised indirectly on collateral attack by complaining about counsel's work."). Thus, we insist on strict adherence to the requirements of an ineffective assistance of counsel claim in order to ensure that only Sentencing Guidelines errors of constitutional proportion are considered on collateral review.

■ An ineffective assistance of counsel claim comprises two elements. First, "the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Second, "the defendant must show that the deficient performance prejudiced the defense … [i.e.] that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* Without deciding whether Allen had met the first requirement, the district court held that Allen's claim failed because he had not shown prejudice to the defense. *Allen*, 1997 WL 445823 at *1. We review the district court's denial of a § 2255 petition *de novo*.

■ In order to demonstrate prejudice, Allen must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Only a significant increase in the sentence, attributable to counsel's error, constitutes prejudice. *Durrive*, 4 F.3d at 551. In this case, absent the defense attorney's purported error, Allen's adjusted offense level could have been as low as 34, with a sentencing range of 168–210 months (instead of 36, with a sentencing range of 210–262 months). Thus, the possible effect of the error on Allen's sentence was two offense levels, or 0–42 months. Although we recognize that this difference is significant from the defendant's perspective, it clearly fails to meet the constitutional standard of prejudice under *Durrive* (where, as here, two offense levels were at stake). *Id.; Martin*, 109 F.3d at 1178. As we explained in *Durrive*, errors of this magnitude do not demonstrate that the "actual sentence is 'unreliable … or fundamentally unfair.'" 4 F.3d at 551 (ellipses in original). Allen has asked us to reconsider *Durrive;* we decline. Indeed the full court has recently demonstrated its disinclination to do so. *Martin*, 109 F.3d 1177, *reh'g and suggestion for reh'g en banc denied*, 109 F.3d 1177 (7th Cir. 1997) (Rovner dissenting).

## CONCLUSION

For the foregoing reasons, we DENY the government's motion to dismiss for lack of a certificate of appealability, and AFFIRM the district court's partial denial of Allen's § 2255 petition.