# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-3344

SAMUEL TODD TAYLOR,

*Petitioner-Appellant*,

*v.*

CHARLES R. GILKEY, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-313-GPM—**G. Patrick Murphy**, *Chief Judge*.

SUBMITTED OCTOBER 18, 2002—DECIDED NOVEMBER 6, 2002

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Samuel Taylor is in federal prison for drug and firearms offenses. Four years ago we affirmed his convictions and sentences. *United States v. Taylor*, 154 F.3d 675 (7th Cir. 1998). Within the time allowed by 28 U.S.C. §2255 ¶6, Taylor filed in the sentencing court (the Northern District of Indiana) a motion arguing that an error in applying the Sentencing Guidelines' grouping rules had elevated his range by 6 to 21 months, and that the judge should correct this error by reducing his sentence. Because the Guidelines are not "laws" for purposes of §2255, however, this argument could not support relief. See *Scott v. United States*, 997 F.2d 340

(7th Cir. 1993). Ineffective assistance by counsel in vindicating rights under the Guidelines might do so, but on the view then prevailing in this court a small increase in sentence would not establish "prejudice," making it unnecessary to inquire whether counsel's performance was objectively deficient. See *Durrive v. United States*, 4 F.3d 548 (7th Cir. 1993). Relying on *Durrive* the district court denied Taylor's motion in November 2000 without investigating whether the Guidelines indeed required grouping and, if so, whether counsel's failure to call this to the attention of the trial and appellate courts was constitutionally deficient.

In late 2000 the Supreme Court had under advisement a case that posed the question whether *Durrive* had been correctly decided. All Taylor needed to do in order to take advantage of a favorable decision was to file a notice of appeal. He did not, even though the case was decided on January 9, 2001, before his time to appeal expired. See *Glover v. United States*, 531 U.S. 198 (2001) (disapproving *Durrive* and holding that the approach to prejudice articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), rather than that of *Lockhart v. Fretwell*, 506 U.S. 364 (1993), applies to claims of ineffective assistance with respect to sentencing). Instead of appealing, Taylor waited until a month after *Glover* and then filed what he styled a motion under 18 U.S.C. §3582. The district judge denied this motion for two reasons: first, it was not authorized by §3582 (which deals with retroactive changes in the Guidelines); second, it was effectively a second collateral attack, which could not proceed without prior appellate approval. See *Dunlap v. Litscher*, 301 F.3d 873 (7th Cir. 2002). See generally *Godoski v. United States*, 304 F.3d 761 (7th Cir. 2002). Taylor did not appeal from that decision either but let another ten months lapse and then asked for this court's permission to commence a new collateral attack. We denied the application in an unpublished

order issued on December 10, 2001, stating that "*Glover* does not announce a new rule of constitutional law [but instead] clarifies the standards for analyzing the long-standing right of effective counsel. Taylor's proposed claim therefore does not satisfy the criteria for authorization." See 28 U.S.C. §2255 ¶8(2).

Taylor, who is incarcerated in a federal prison located in the Southern District of Illinois, then filed in that court a petition for a writ of habeas corpus under 28 U.S.C. §2241. He contended that an error in applying the Guidelines deprived the sentencing court of "jurisdiction" and that a jurisdictional problem never is subject to rules of waiver, forfeiture, or preclusion. That's wrong for multiple reasons, of which we mention only one: legal errors do not imply lack of jurisdiction. See *United States v. Cotton*, 122 S. Ct. 1781, 1784-85 (2002). As the district judge recognized, however, Taylor's big problem is demonstrating that §2241 is available to him. A legitimate petition under §2241 does not require prior appellate authorization. See *Felker v. Turpin*, 518 U.S. 651 (1996); *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998). But §2255 ¶5 puts §2241 off limits to federal prisoners as a rule:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The Northern District of Indiana denied an application for relief under §2255, so Taylor is entitled to resort to §2241 only if "the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." The

district court held that §2255 offered Taylor an effective remedy and dismissed the petition under §2241. This time he appealed.

Although the "inadequate or ineffective" language has been present in §2255 since its enactment, the Supreme Court has never interpreted its meaning. It has stopped with the proposition that this language ensures against any claim that §2255 suspends the writ of habeas corpus. See *Swain v. Pressley*, 430 U.S. 372, 381-82 (1977); *United States v. Hayman*, 342 U.S. 205, 223 (1952). We held in *Lindh v. Murphy*, 96 F.3d 856, 867-68 (7th Cir. 1996) (en banc), reversed on other grounds, 521 U.S. 320 (1997), that the writ protected by the Constitution is the writ known in 1789—the pretrial writ used to thwart unjustified detention by the executive branch—and not the statutory extensions of collateral review later enacted by Congress. What the legislature gave, it may withdraw. "The Suspension Clause is not a ratchet." *Lindh*, 96 F.3d at 868. Accord, *Swain*, 430 U.S. at 384-86 (Burger, C.J., concurring); *Schneckloth v. Bustamonte*, 412 U.S. 218, 252-56 (1973) (Powell, J., concurring). Yet although §2255 ¶5 turns out to be unnecessary to ensure the law's constitutionality, it remains in force as a statutory rule of decision.

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998), our only extended treatment of the language, holds that §2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under §2255 establishes the petitioner's actual innocence. In *Davenport* the issue was the scope of the statute under which the defendant had been convicted. At the time of the conviction—indeed, at the time of collateral review under §2255—the law in all federal appellate courts was against the prisoner's position. Later the Supreme Court handed down a decision interpreting the statute in a way that left a distinct possibility that the prisoner had not committed a federal crime, yet the rules

for second or successive collateral attacks allow only new *constitutional* doctrines to be vindicated. Thus even though the sort of contention that the prisoner sought to raise justifies collateral review, see *Bousley v. United States*, 523 U.S. 614 (1998), it did not justify sequential collateral attacks under §2255 ¶8. Because Congress may have overlooked the possibility that new and retroactive statutory decisions could support collateral review, we held in *Davenport* that for this small class of situations §2255 is "inadequate or ineffective to test the legality of [the] detention." See also *Gray-Bey v. United States*, 209 F.3d 986 (7th Cir. 2000).

What *Davenport* strongly implied—what we now make explicit—is that a claim of error in addressing the sort of constitutional theory that has long been appropriate for collateral review does not render §2255 "inadequate or ineffective". Paragraph 5 poses the question whether the remedy is adequate "*to test* the legality" of the detention. This implies a focus on procedures rather than outcomes. Judges sometimes err, but this does not show that the procedures are inadequate; it shows only that people are fallible. How often to rerun a search for error is a question to which §2255 ¶8 speaks directly, and the statutory limitation to a single collateral attack, unless the conditions of §2255 ¶8 (elaborated in 28 U.S.C. §2244) have been met, does not render §2255 inadequate or ineffective. If it did, then the statute would be internally contradictory. It would not be sensible to read §2255 ¶8 as making §2255 "inadequate or ineffective" and thus nullifying itself. This is a subject on which the courts of appeals are in agreement. Every court that has addressed the matter has held that §2255 is "inadequate or ineffective" only when a structural problem in §2255 forecloses even one round of effective collateral review—and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. See, e.g., *Cradle v. United States*

*ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

The sort of argument Taylor wants to present—that his lawyer furnished ineffective assistance by failing to argue at sentencing or on appeal that his convictions should have been grouped under U.S.S.G. §3D1.2—has been around for a long time. It was acknowledged in *Durrive* and raised in Taylor's initial collateral attack. *Durrive* used a definition of "prejudice" that the Supreme Court later replaced with one more favorable to the prisoner, but this does no more than show that the decision in the initial collateral attack may have been erroneous. ("May have been" is the most that one can say; no court has examined whether the counts should have been grouped or whether counsel's failure to argue for grouping rendered his assistance ineffective under *Strickland*'s standard.) It does not illuminate any structural defect in §2255 or present any fundamental error equivalent to actual innocence.

Congress is entitled to—and through §2255 ¶8 did—decide that two rounds of judicial review are sufficient in all but the extraordinary situation. Trial, sentencing, and direct appeal are the first round; an initial collateral attack under §2255 is the second. Taylor used both of these rounds and could have enjoyed the benefit of *Glover* had he bothered to appeal from the denial of his motion under §2255. Once an initial collateral attack has reached its conclusion, however, a claim of error in the decision cannot be entertained. "A claim presented in a second or successive habeas corpus application under section [2255] that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). (Although §2244 refers to

§2254 rather than §2255, we have held that the cross-reference to §2244 in §2255 ¶8 means that it is equally applicable to §2255 motions. See *Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997).) The claim Taylor now wants to present was presented before, so under §2244(b) it *must* be dismissed; new legal arguments based on *Glover* do not give Taylor a new claim. See *Brannigan v. United States*, 249 F.3d 584 (7th Cir. 2001). And we have already held that *Glover* does not satisfy the standards for a second or successive collateral attack, whether or not a particular prisoner had raised the same sort of claim in an initial collateral attack. To say that these limitations authorize further collateral proceedings would be to use §2255 ¶5 to return the courts to the world of *Sanders v. United States*, 373 U.S. 1 (1963), in which prisoners may file as many collateral attacks as they please, provided that they don't abuse the writ. One goal of the Antiterrorism and Effective Death Penalty Act of 1996, which added §2244(b) and §2255 ¶8 to the Judicial Code, was to replace *Sanders* with an approach under which only defined circumstances permit successive collateral attacks. See *Burris v. Parke*, 95 F.3d 465 (7th Cir. 1996) (en banc). The escape hatch in §2255 ¶5 must be applied in light of that history. If error in the resolution of a collateral attack were enough to show that §2255 is inadequate or ineffective, many of the amendments made in 1996 would be set at naught. Yet a claim of error is all Taylor has. He has not pointed to any lacunae on a par with the one that *Davenport* and *Gray-Bey* flagged. The district court therefore was right to say that Taylor is not entitled to proceed under §2241.

AFFIRMED

A true Copy:

      Teste:

              _____
               *Clerk of the United States Court of*
                 *Appeals for the Seventh Circuit*