**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 02-6119

DARWYN RHON HOREY,

Defendant - Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. Nos. 98-CV-1169-M & 96-CR-55-M)

---

Submitted on the briefs:

William H. Bock, Oklahoma City, Oklahoma, for Defendant-Appellant.

Robert G. McCampbell, United States Attorney, Leslie M. Maye and Sue Tuck
Richmond, Assistant United States Attorneys, Oklahoma City, Oklahoma, for
Plaintiff-Appellee.

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

**McKAY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Darwyn Rhon Horey appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability (COA) on a single issue: whether his trial counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failure to object to an undisputedly inapplicable career offender enhancement that increased both Mr. Horey's total offense level and his criminal history category by one level, increasing the applicable guideline range minimums from 292 months to 360 months. We reverse and remand for resentencing.

I.

In 1996, a jury convicted Mr. Horey on one count of possession and distribution of approximately 240 grams of cocaine base and on two counts of being a felon in possession of a firearm. The penalty for the drug possession count was doubled to 240 months because of a prior felony drug conviction, and his total offense level was 36 with a criminal history category of V, placing his sentencing guideline range at 292-365 months' imprisonment. But the

-2-

government also successfully sought to enhance his sentence as a career offender under United States Sentencing Guideline § 4B1.1. Although it is undisputed that Mr. Horey's prior conviction for possession of cocaine did not meet the definition of a qualifying felony under the guideline, Mr. Horey's counsel did not object to application of this enhancement. Thus, his total offense level was adjusted to level 37 and his criminal history category was raised to VI, giving a range of 360 months to life. Mr. Horey was sentenced to 360 months' imprisonment, the minimum sentence under the guidelines.

Mr. Horey's appellate counsel did not raise the error on direct appeal. But in 1998, Mr. Horey filed a timely motion to vacate his sentence, alleging, *inter alia*, improper enhancement and ineffective assistance of counsel. The district court correctly noted that his claim for relief would be procedurally barred absent a successful showing of cause excusing his procedural default and prejudice to his defense. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (holding that petitioner may establish requisite cause and prejudice by demonstrating ineffective assistance of counsel, using the deficient performance and prejudicial effect analysis set forth in *Strickland*). Accordingly, the court analyzed the merits of Mr. Horey's ineffective assistance of counsel claim.

The government conceded in the district court that Mr. Horey's prior conviction did not trigger the career offender enhancement imposed at sentencing

and that he was sentenced under an inappropriate guideline range. The government argued, however, that counsel's error was not prejudicial because Mr. Horey was sentenced within the guideline range that would have applied without the career offender enhancement. The government emphasized that the sentencing court had expressed neither dissatisfaction with the guideline range being harsh nor an inclination toward a lesser sentence.

Applying *United States v. Kissick*, 69 F.3d 1048, 1056 (10th Cir. 1995) (holding that counsel's failure to object to use of an inapplicable controlled substance conviction to enhance a sentence under § 4B1.1 is deficient performance under *Strickland*), the district court found that Mr. Horey's counsel's failure to object to the sentence enhancement was constitutionally deficient. But the district court also concluded that Mr. Horey had failed to establish that "his attorney's deficient performance resulted in a 'significantly greater sentence' than would have been the case absent the attorney's errors." Aple. Supp. App. at 88 (quoting *Kissick*, 69 F.3d at 1056). The district court thus concluded on March 28, 2002, that Mr. Horey had failed to satisfy *Strickland's* prejudice requirement, and denied § 2255 relief.

II.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings *de novo*. *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). In *Kissick*, we focused on the statement in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), that "a court may not set aside a . . . sentence solely because the outcome would have been different absent counsel's deficient performance." *Kissick*, 69 F.3d at 1055. We adopted the Seventh and Fifth Circuits' conclusions that a defendant must not only allege prejudice of being erroneously sentenced under a higher guideline, but must also demonstrate that the error produced "a large" or "significant" effect on the sentence. *See id.* at 1055-56 (citing *Durrive v. United States*, 4 F.3d 548, 551 (7th Cir. 1993) (relying on *Lockhart* to conclude that attorney error must produce a "large effect on the sentence" and holding that minimum twelve-month reduction was insufficient to establish prejudice), *abrogated by Glover v. United States*, 531 U.S. 198 (2001); and *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (holding that defendant must show reasonable probability that, but for counsel's errors, the "sentence would have been *significantly less* harsh"), *abrogated by Glover v. United States*, 531 U.S. 198 (2001)). Thus, we concluded that, "when counsel's constitutionally deficient performance results in the defendant's improper classification as a career offender and when that improper classification results in a significantly

-5-

greater sentence, the prejudice element of *Strickland* is satisfied." *Kissick*, 69 F.3d at 1056.

This holding and its attendant analysis were abrogated in *Glover v. United States*, 531 U.S. 198 (2001). There, the Court expressly rejected the *Durrive* analysis, in which the Seventh Circuit had relied on *Lockhart* to engraft a "substantial prejudice" requirement onto the *Strickland* prejudice analysis. *Glover*, 531 U.S. at 202-04. The Court held that the Seventh Circuit had erred in denying relief "because the sentence increase does not meet some baseline standard of prejudice." *Id.* at 203. Holding that "any amount of actual jail time has Sixth Amendment significance," the Court noted that "there is no obvious dividing line by which to measure how much longer a sentence must be for the increase to constitute substantial prejudice." *Id.* Accordingly, the Court concluded that, "the amount by which a defendant's sentence is increased by [counsel's] particular decision . . . cannot serve as a bar to a showing of prejudice." *Id.* at 204 (also rejecting *Spriggs* and its "'*significantly* less harsh'" requirement).

After we granted COA and ordered briefing, the government conceded in its response brief that the portion of our *Kissick* opinion requiring a habeas petitioner to demonstrate a "significantly greater sentence" in order to show prejudice was likewise abrogated by *Glover* and is no longer good law. We agree

-6-

with the Seventh Circuit that " *Glover* does not announce a new rule of constitutional law [but instead] clarifies the standards for analyzing the longstanding right of effective counsel." *Taylor v. Gilkey*, 314 F.3d 832, 834 (7th Cir. 2002) (quotation omitted). Thus, even though *Glover* was issued after Mr. Horey filed his § 2255 motion, it controls the resolution of this appeal.

As there is an increase in the actual amount of jail time that may be served using the improperly-applied guideline range, Mr. Horey has established prejudice. Because his punishment has already been doubled on the drug count, it is certainly possible that the district court may choose to sentence Mr. Horey to the minimum range under the proper guideline, like it did before, which is still a very long sentence. The district court erred in concluding that Mr. Horey has not shown prejudice satisfying *Strickland*.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for vacation of the sentence and for resentencing.