FILED
United States Court of Appeals
Tenth Circuit

January 11, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

ELOY CARRANZA-HURTADO,

　　　Defendant-Appellant.

No.11-2154

(D.C. No. 1:CR-91-00007-JEC-5-1 &
1:11-CV-00564-JEC-LFG)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Defendant Eloy Carranza-Hurtado (Carranza) appeals from the district

court's denial of his post-judgment motion to dismiss his indictment.  Exercising

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision.

I

In 1991, Carranza and three co-defendants were arrested in Albuquerque, New Mexico, "while they were attempting to consummate the sale of six kilograms of cocaine." United States v. Martinez, 979 F.2d 1424, 1425 (10th Cir. 1992). Carranza was subsequently charged with and convicted of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. This court affirmed Carranza's convictions on direct appeal. Martinez, 979 F.2d at 1434.

Carranza subsequently filed two motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the second of those proceedings, which concluded in March of 1997, the district court vacated one of Carranza's convictions and entered an amended criminal judgment.

On January 23, 2011, Carranza filed a pro se motion to dismiss the original indictment filed against him. In his motion, Carranza argued that the indictment was insufficient and void in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), because it failed to include all of the elements of the charged offenses. Carranza pointed specifically to the indictment's failure to allege the precise

2

quantity of cocaine at issue, as outlined in § 841(b)(1)(A).

The district denied Carranza's motion as untimely filed. More specifically, the district court noted that Carranza's motion was filed long after final judgment was entered in his case. The district court further concluded that it was unnecessary to treat Carranza's motion as a § 2255 motion because Carranza "ha[d] previously filed two § 2255 motions, and the one-year limitations period ha[d] long expired." ROA, Vol. 1 at 28.

II

We review de novo a district court's denial of a motion challenging the sufficiency of an indictment. See United States v. Ambort, 405 F.3d 1109, 1116 (10th Cir. 2005) (noting that "when the sufficiency of a charge is challenged, we review the district court's decision de novo"). Federal Rule of Criminal Procedure 12(b)(3) provides that "a motion alleging a defect in the indictment" "must be raised before trial." If, however, the alleged defect is that the indictment fails to state an offense, the claim may be raised "at any time while the case is pending," Fed. R. Crim. P. 12(b)(3), including "for the first time on [direct] appeal," United States v. Sinks, 473 F.3d 1315, 1321 (10th Cir. 2007).

Here, it is undisputed that Carranza filed his motion to dismiss long after his convictions and sentence became final. Indeed, Carranza had already sought § 2255 relief on two occasions prior to seeking dismissal of the indictment. Consequently, the district court properly concluded that Carranza's motion to

3

dismiss was untimely under Federal Rule of Criminal Procedure 12(b).

As we have noted, the district court also considered and rejected the possibility of construing Carranza's motion to dismiss as a post-conviction motion to vacate under 28 U.S.C. § 2255. We conclude the district court did not abuse its discretion in this regard. See United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005) (applying abuse of discretion standard to similar ruling). More specifically, we agree with the district court that a § 2255 motion filed by Carranza would be procedurally barred either as untimely, or as second or successive in light of Carranza's two prior § 2255 motions. See id. (reaching similar conclusion). And, even ignoring either of these procedural bars, it is well established that Apprendi does not apply retroactively to final criminal judgments such as Carranza's. See United States v. Lott, 310 F.3d 1231, 1238 (10th Cir. 2002) ("We apply Apprendi to cases pending on direct review."); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that Apprendi is not retroactively applicable to initial habeas corpus petitions).

The decision of the district court is AFFIRMED. Carranza's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

4