**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

v.

PAUL G. RAYFORD,

        Defendant–Appellant.

No. 12-3006
(D.C. No. 2:11-CV-02477-CM and
2:09-CR-20143-CM-2)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

On May 18, 2012, Defendant received a certificate of appealability to appeal the

district court's denial of his § 2255 habeas petition. As explained in the order granting

COA, Defendant's § 2255 habeas claim was based on the apparent miscalculation of the

applicable sentencing guidelines range in his underlying criminal case. Specifically, the

sentencing court counted two prior drug trafficking convictions separately under U.S.S.G.

§ 4A1.2(a)(2) because the PSR indicated his sentencing for these convictions occurred on

two separate dates—"10/10/2000" and "10/12/2000." However, Defendant submitted

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with his § 2255 habeas petition a state court transcript that, if authentic, clearly shows he was sentenced for both of these convictions on October 12, 2000. Defendant was granted a certificate of appealability to challenge the district court's conclusion that this error did not entitle him to habeas relief.

In 2010, Defendant pled guilty to one count of attempted bank robbery, one count of carrying and using a firearm during and in relation to the attempted bank robbery, and one count of being a felon in possession of a firearm. He was sentenced to a total of 144 months' imprisonment—concurrent bottom-of-the-guidelines sentences of 84 months for the first and third counts, followed by a consecutive 60-month sentence on the second count. On appeal, Defendant's appointed counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), stating there were no non-frivolous issues for Defendant to raise on appeal. Defendant filed a pro se response in which he argued, inter alia, that his sentences for these state court convictions should have been counted as a single sentence under U.S.S.G. § 4A1.2(a)(2) because the sentences were imposed on the same day. If these sentences had been counted together, Defendant's criminal history category would have been set at IV rather than V, resulting in an advisory range of 70–87 months instead of the calculated range of 84–105 months.

Defendant's claim of sentencing error was rejected on direct appeal based on the PSR's listing of two different dates. When Defendant then filed the instant § 2255 petition, the district court denied habeas relief on the grounds that this argument had already been disposed of on direct appeal. However, a judge of this court granted a

certificate of appealability, concluding that reasonable jurists could debate whether the circumstances of the case warranted an exception to the general rule against revisiting issues decided on direct appeal.

In its response brief, the government first argues that Defendant may not relitigate the U.S.S.G. § 4A1.2(a)(2) sentencing calculation issue because it was decided on direct appeal. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal *generally* will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (emphasis added). We conclude that the unusual circumstances of this case warrant an exception to the general rule. Because defense counsel filed an *Anders* brief that did not mention the U.S.S.G. § 4A1.2(a)(2) sentencing issue, Defendant did not have the assistance of counsel in raising this claim or obtaining access to the information needed to challenge this particular aspect of his sentencing.[1] This claim was therefore rejected on direct appeal because the evidence refuting the PSR's erroneous information was not brought to the attention of the panel. However, Defendant has now obtained and presented evidence that, assuming authenticity, shows he was indeed sentenced on the same date for both of his prior drug trafficking convictions. Based on this new evidence, and in light of defense

---

[1] As the Supreme Court stated in a somewhat different context, "The facts of this case emphasize a different, albeit related, aspect of counsel's role, that of expert professional whose assistance is necessary in a legal system governed by complex rules and procedures for the defendant to obtain a decision at all—much less a favorable decision—on the merits of the case." *Evitts v. Lucey*, 469 U.S. 387, 394 n.6 (1985).

counsel's failure to assist Defendant in litigating this issue on direct appeal, we will depart from our general rule against considering on habeas an issue that was disposed of on direct appeal. *Cf. United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (noting that we will depart from the law-of-the-case doctrine "when the evidence in a subsequent trial is substantially different" or "when the decision was clearly erroneous and would work a manifest injustice"); *Johnson v. Champion*, 288 F.3d 1215, 1226 (10th Cir. 2002) (holding it would be manifestly unjust to adhere to a clearly erroneous finding that imposed an unnecessary procedural hurdle on a state habeas petitioner).

The government further argues Defendant's claim of sentencing error does not rise to the level of "a miscarriage of justice" and thus is not cognizable under § 2255. *See United States v. Talk*, 158 F.3d 1064, 1070 (10th Cir. 1998) ("[N]umerous cases have held that sentencing errors typically do not give rise to a miscarriage of justice sufficient to excuse procedural default."); *cf. Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (holding that error in classifying defendant as a violent offender caused a miscarriage of justice); *Talk*, 158 F.3d at 1070 (assuming without deciding that an "error that results in a significantly miscalculated sentence"—in that case, a nine-level error that increased the term of imprisonment from less than 52 months to 108 months—might be cognizable under § 2255). We agree that, under the circumstances of this case, the sentencing error here did not give rise to a miscarriage of justice.

However, this conclusion does not end our inquiry. While Defendant may not be able to obtain habeas relief via a direct challenge to the sentencing error, he argues he

should still be able to proceed under a claim of ineffective assistance of counsel. Under this theory, Defendant does not need to prove the sentencing error caused a significant increase in his calculated sentencing range. Rather, when defense counsel provides ineffective assistance by failing to raise a sentencing error during the sentencing proceeding and on appeal, a defendant is prejudiced if "there is an increase in the actual amount of jail time that may be served using the improperly-applied guideline range," even if that increase is minimal. *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003). Indeed, we found prejudice in *Horey* even though the 360-month sentence the district court imposed was within the correctly calculated sentencing guidelines range of 292–365 months. We noted that the district court chose a bottom-of-the-guidelines sentence under the improperly applied guidelines range, and we reasoned the court might choose a bottom-of-the-guidelines sentence under the correct range as well. *Id.* The same reasoning applies to Defendant's bottom-of-the-guidelines sentence in the instant case. Defendant has presented at least a facially plausible claim of ineffective assistance of counsel.

True, Defendant did not frame his claim in terms of ineffective assistance below, and we generally will not consider issues raised for the first time on appeal. *See United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002). However, "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). In *Mora*, we exercised our discretion to

-5-

consider an argument raised for the first time on appeal based on several circumstances, including the petitioner's pro se status, the fact that his incarceration limited his ability to examine recent Supreme Court precedents, and the fact that "refusal to consider [his] appeal now would effectively bar him from ever raising [this] claim." *Mora*, 293 F.3d at 1218.

We likewise exercise our discretion to consider the belatedly raised issue of ineffective assistance here. Defendant is a pro se litigant who has been attempting since at least his direct appeal to draw attention to what is alleged to be an obvious sentencing error,[2] while his attorney ignored the issue and told the court Defendant had no non-frivolous grounds to raise on appeal. Under 28 U.S.C. § 2244, Defendant will never be able to raise his non-frivolous claim of ineffective assistance of counsel if we prevent him from doing so now. In light of all of the circumstances of this case—what appears to be a typographical error in the PSR that led to an increase in Defendant's criminal history category and guidelines range; appellate counsel's failure to raise this or any other issue on appeal, even after Defendant attempted to call attention to the problem through his pro

---

[2] The government argues the court's sentencing calculation may not have been incorrect. Even if a defendant is sentenced for two prior offenses on the same date, the sentences are counted separately under U.S.S.G. § 4A1.2(a)(2) if the offenses were separated by an intervening arrest. However, as the government concedes, the record does not indicate whether there was an intervening arrest. Further factual development may demonstrate that the sentencing calculation could have been sustained on this alternate basis; however, as the record currently stands, the state sentencing transcript (assuming authenticity) refutes the basis on which the sentences were counted separately by the district court.

se brief; and the fact that this is effectively Defendant's last opportunity to have the alleged obvious error in his sentencing addressed—we exercise our discretion to consider this issue even though Defendant did not earlier frame his claim in precisely the terms we usually require.

As previously stated, we conclude that Defendant has raised at least a facially plausible claim of ineffective assistance of counsel. The record includes evidence that, if authentic, refutes the factual basis on which the sentencing court counted Defendant's prior offenses separately for criminal history purposes. Defendant asserts that he asked defense counsel to raise this issue before sentencing, and the record reflects that defense counsel did not raise this issue on direct appeal even after Defendant filed a pro se brief asserting he was sentenced for the two prior offenses on the same date. Unless the sentencing calculation could have been supported on the alternate basis of an intervening arrest, the alleged sentencing error increased the advisory sentencing guidelines range and thus resulted in prejudice under *Horey*. Of course, factual development may be required to determine, inter alia, the authenticity of Defendant's evidence, the extent to which defense counsel knew or should have known of the alleged error, and the possibility that the guidelines calculation would have been sustained on an alternate basis if defense counsel had raised an objection to the PSR below. The district court is in the best position to make any such factual determinations, and we remand for the district court to

decide Defendant's claim of ineffective assistance of counsel in the first instance.

**REVERSED** and **REMANDED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge