FILED
United States Court of Appeals
Tenth Circuit

August 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN CARLOS ANGULO-LOPEZ,

      Defendant - Appellant.

No. 13-6249
(D.C. Nos. 5:12-CV-00691-D and
5:91-CR-00220-D-6)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Juan Carlos Angulo-Lopez requests a certificate of appealability ("COA") to

appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and

dismiss the appeal.

**I**

In 1993, this court affirmed Angulo-Lopez's convictions on eleven counts of drug

trafficking. United States v. Angulo-Lopez, 7 F.3d 1506, 1508, 1512 (10th Cir. 1993),

superseded on other grounds as recognized in United States v. Kissick, 69 F.3d 1048

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 1995) (abrogated on other grounds as recognized in United States v. Horey, 333 F.3d 1185 (10th Cir. 2003)). He was sentenced to two concurrent life sentences.

Angulo-Lopez sought relief pursuant to § 2255 in 2012. His motion was dismissed by the district court as an unauthorized second or successive § 2255 motion. But because the district court recharacterized the original filing relied upon for the dismissal as a § 2255 motion without advising Angulo-Lopez of the consequences, we granted a COA and remanded for the district court to consider the merits of the § 2255 motion. See Castro v. United States, 540 U.S. 375, 383 (2003) (requiring notice and warning to a pro se litigant before recharacterizing a pleading as a § 2255 motion). In doing so, we noted that the motion was filed outside of the one-year deadline, but stated that proper procedure required remand to the district court to consider the timeliness issue in the first instance. On remand, the district court concluded that the § 2255 motion was time-barred and denied a COA. Angulo-Lopez seeks a COA from this court.

## II

To appeal the district court's denial of § 2255 relief, Angulo-Lopez must obtain a COA. See 28 U.S.C. § 2253(c)(1)(B). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue" if the prisoner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Because Angulo-

Lopez proceeds pro se, we construe his pleadings liberally.  See Erickson v. Pardus, 551

U.S. 89, 94 (2007) (per curiam).

A one-year limitations period applies to § 2255 motions.  That period ended on

April 24, 1997 for prisoners, like Angulo-Lopez, whose convictions became final before

April 24, 1996.  See United States v. Hurst, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003) (en

banc footnote).  Angulo-Lopez's § 2255 motion, filed in 2012, did not fall within the year

allowed for such motions.  He argues that the statute of limitations should be tolled based

on his claims that:  (1) his counsel provided ineffective assistance and (2) he is factually

innocent of the conduct pursuant to which he received an enhanced sentence.[1]  See

McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

Equitable tolling of the § 2255 "limitations period is available when an inmate

diligently pursues his claims and demonstrates that the failure to timely file was caused

by extraordinary circumstances beyond his control."  United States v. Gabaldon, 522 F.3d

1121, 1124 (10th Cir. 2008) (quotation omitted).  Angulo-Lopez does not point to any

extraordinary circumstances that could justify the roughly fifteen-year delay.

We agree with the district court, moreover, that Angulo-Lopez does not assert that

he is actually innocent of drug trafficking, but rather that his "sentence exceeded the

statutory maximum penalty available for his offense based on the quantities of drugs

---

[1] Angulo-Lopez also contends that the limitations period should be tolled because
the sentencing court lacked the power to impose a sentence of the length that he received.
But he does not explain why the alleged error by the sentencing court, which he asserts
he brought to his counsel's attention and was based on case law existing at the time of
sentencing, could not have been addressed within the typical period for filing a § 2255
motion.

alleged in the" indictment. Circuit precedent dictates that "a person cannot be actually innocent of a noncapital sentence." Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2012) (quotation omitted). Angulo-Lopez has failed to demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478.

## III

For the foregoing reasons, Angulo-Lopez's request for a COA is **DENIED** and this appeal is **DISMISSED**.[2] His motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] We note that Angulo-Lopez filed a document titled "Request to Take Judicial Notice," in which he requested that this court take notice that the government did not file a brief. Although the case number on the document suggests that it belongs to another case that Angulo-Lopez filed, construing the document liberally it appears that he may have intended to file it regarding the present matter. We construe the document as a motion requesting that we interpret the lack of a brief from the government as a concession. Tenth Circuit Rules, however, do not support such a conclusion. See 10th Cir. R. 22.1(B). The motion is **DENIED**.