FILED
United States Court of Appeals
Tenth Circuit

October 20, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAUREN ELIZABETH SCOTT,

    Defendant - Appellant.

No. 15-8030
(D. Wyoming)
(D.C. Nos. 2:14-CV-00092-SWS and
1:12-CR-00058-SWS-2)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BALDOCK**, Circuit Judges.

Defendant Lauren Elizabeth Scott is in federal prison after pleading guilty to fraud and money-laundering charges arising from a scheme in which she and others took money from investors for "wind farm" projects that did not, in fact, exist. Proceeding pro se, she seeks a certificate of appealability (COA) to appeal the denial of her motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of relief under § 2255). We deny a COA and dismiss the appeal.

Because Ms. Scott is proceeding pro se, "we construe [her] pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments

and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted). We have done our best to accurately construe Defendant's claims on appeal, a task made formidable by her disorganized, vague, and rambling brief.

Several of Defendant's apparent claims were not raised in district court and therefore will not be considered: claims that her plea was involuntary, that her counsel erroneously told her that she lacked grounds for appeal, and that her counsel failed to challenge the court's calculation of loss. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) ("[A]s to issues that were not presented to the district court, we adhere to our general rule against considering issues for the first time on appeal.").

For the remaining claims, we can grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Defendant raises several claims of ineffective assistance of counsel. To prevail she must show that "counsel's representation fell below an objective standard of

reasonableness and that but for this ineffective assistance the result would have been different." *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (internal quotations omitted). In this case Defendant could be asserting ineffective assistance with respect to her plea or her sentence. We first address her plea.

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005). In her brief to this court, however, Defendant never explicitly alleges that, but for errors by counsel, she would have insisted upon going to trial. Nonetheless, we will address one possible claim. We very liberally construe her statement that her counsel "<u>never</u> disclosed" to her the possibility of a guidelines sentencing level of 97–121 months' imprisonment, Aplt. Br. at 20, as an effort to raise her district-court contention that she would not have pleaded guilty had she known that she could have received a lengthy sentence.

That contention has no merit. At her plea hearing Defendant acknowledged that her counsel had informed her that she likely faced an "advisory guideline range of 108 to 135 months." Tr. of Hr'g on Change of Plea at 19–20, *United States v. Scott*, No. 12-CR-58 (D. Wyo. May 16, 2013). This alone undermines Defendant's claim. As the Supreme Court has written:

3

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

Further, even if Defendant's counsel had misinformed her, "there is no prejudice from counsel's inaccurate sentence or parole predictions where the court cured the defect by providing the proper information." *Lasiter*, 89 F.3d at 703. Here, the court informed Defendant at the plea hearing that her preliminary advisory guideline range was 108–135 months, that her actual range would not be calculated until sentencing, and that "to the extent that that determination is contrary to your estimate or even this Court's estimate today, you would not be able to withdraw your plea of guilt." R., Vol. 1 at 561–63. Defendant affirmed her understanding, then pleaded guilty.

Turning to sentencing, an ineffectiveness claim with respect to sentencing requires both deficient performance by the attorney and a resulting harsher sentence. *See United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003). Defendant first claims that her counsel erred in failing to object to the presentence report. She claims that her "counsel was ineffective in allowing her to be sentenced to information that was not only false, but apparently fabricated." Aplt. Br. at 7. For example, she claims that a map was "a key factor in her presentence report, and was used to support a lengthy sentence." *Id.* But she does not explain how the map affected her sentence. And other than the reference to

the map, her brief in this court does not recite what the false statements were. It merely cross-references district-court pleadings, a practice prohibited by our rules. *See* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy the requirements of Fed. R. App. P. 28(a) and (b)."); *Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006). Moreover, she has never attempted to explain how the alleged errors in the presentence report could have increased her sentence. Indeed, at her sentencing hearing she said that she had reviewed the presentence report with her counsel and he had been able to answer all her questions. Similarly, although Defendant "contends that no reasonable attorney would allow an innocent client to be sentenced to enhancements the court found failed," Aplt. Br. at 20, her appellate brief does not list any specific enhancements.

Defendant also argues that the district court erred by not holding an evidentiary hearing. It is unclear whether she is complaining of the lack of such a hearing before she was sentenced, or the lack of a hearing on her § 2255 motion, or both. Regardless, she has failed to set forth what purpose an evidentiary hearing would serve—what specific facts would be elicited and why they would matter. She therefore is not entitled to relief on this claim.

Defendant next argues that the district court improperly denied her § 2255 motion without considering a supporting affidavit filed by her brother, codefendant Robert Reed. Defendant contends that the affidavit and other unnamed "original documents" support her claim of "actual innocence." *Id.* at 2. We have reviewed the affidavit. At most it

asserts that Defendant was unaware of the allegedly criminal activity. "[A]ctual innocence is not an easy showing to make: To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence." *United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) (internal citation omitted). Further, this evidence, "when contrasted with the corresponding evidence of guilt," must be "powerful enough to convince a court that no reasonable juror would have voted to convict." *Id.* at 992. Such "corresponding evidence of guilt" includes evidence from "the proceedings that led to Defendant's conviction," *id.,* which in this case includes Defendant's guilty plea. Under this standard the affidavit hardly suffices to support a claim of actual innocence. *See id.* at 993 ("In the face of [Defendant's admission in the plea agreement], it simply is not probable that no reasonable juror would find him guilty beyond a reasonable doubt—no matter what an expert might now say.").

Finally, we reject Defendant's argument that the district judge should have recused himself. Defendant raised this claim below by joining Reed's motion for disqualification. Neither Defendant's brief in this court nor the recusal motion provides a valid basis for recusal. They complain primarily about the district court's rulings. But "adverse rulings are not in themselves grounds for recusal." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988). Second, to the extent that one can read Defendant to have alleged extrajudicial bias—perhaps one could so classify the allegations that the district court "protect[ed] misconduct" and "favor[ed] prosecutors over the public," Mot. for Disqualification or Recusal at 12, *United States v. Reed*, No. 12-CR-058-1-s (D. Wyo.

May 7, 2015)—her allegations "are so lacking in particularity and substantiation as to fall short of establishing the necessary factual predicate for any meaningful review." *United States v. Cooley*, 1 F.3d 985, 995 (10th Cir. 1993).

Defendant has not shown that a reasonable jurist could debate that the denial of her § 2255 motion was mistaken. We DENY a COA and DISMISS the appeal. We DENY all pending motions.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge