**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAUREN ELIZABETH SCOTT,

Defendant - Appellant.

No. 15-8101
(D.C. No. 1:12-CR-00058-SWS-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Lauren Elizabeth Scott took money (over $4 million) from investors to fund non-existent wind farm projects in Wyoming. The wind farms were purportedly to be developed by Mountain State Power, a shell corporation. She pled guilty to money-

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

laundering and fraud charges for which she was sentenced to 57 months imprisonment. She voluntarily dismissed her direct appeal before briefing, but she was not through litigating.

The district judge denied her 28 U.S.C. § 2255 motion and we denied a COA, *see United State v. Scott*, No. 15-8030, Order Denying COA (October 20, 2015). The Supreme Court denied certiorari review. Several months before our order denying COA issued, she filed a motion to appoint a receiver and a motion to dismiss the indictment. The judge denied both. She appeals from those denials. We affirm.

### A. Motion to Appoint Receiver

Scott sought a receiver to manage the assets of Mountain State Power for its securities holders and the victims of the offenses. The judge declined to appoint a receiver because Mountain State Power had no assets—they had already been seized and forfeited by the government. We see no error. In her appellate briefings, Scott does not identify any assets of Mountain State Power which need "managing" by a receiver; indeed, she states the assets have "disappeared into the District of Wyoming." (Appellant's Op. Br. at 22.) Her main complaint seems to be that the court never undertook an accurate accounting of the company's assets. She also disputes the victim status of several individuals. Neither of these alleged deficiencies would be corrected by a receiver.

### B. Motion to Dismiss the Indictment

Scott moved to dismiss the indictment under Fed. R. Crim. P. 12(b)(2). She argued, *inter alia*, (1) the district court lacked jurisdiction because the indictment was

issued by a grand jury whose term had expired and (2) the government presented false evidence to the grand jury. The judge denied the motion as untimely because her case was no longer "pending" under Rule 12(b)(2).[1] We agree. The motion to dismiss was filed after her conviction and sentence became final. *See United States v. Valadez–Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (defendant's Rule 12(b)(3)(B) motion was untimely when defendant's case was no longer "pending" because it had "long since [been] reduced to judgment, affirmed on appeal, and rejected for certiorari review"); *see also United States v. Jones*, 510 F. App'x 772, 774 (10th Cir. 2013) (unpublished) (defendant's Rule 12(b)(3) motion was untimely because it was filed after his case had been reduced to judgment and affirmed on appeal) (unpublished); *United States v. Carranza-Hurtado*, 456 F. App'x 745, 746 (10th Cir. 2012) (unpublished) (defendant's Rule 12(b)(3) motion was untimely because it was filed long after his conviction and sentence had become final).[2]

**AFFIRMED**.

Scott's request to proceed on appeal *in forma pauperis* or *ifp* is **DENIED AS MOOT**. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment is excused. Since we have reached the merits of this

---

[1] To the extent Scott's motion to dismiss was attempting to challenge the validity of her convictions and/or sentence, the judge determined a 28 U.S.C. § 2255 motion was her exclusive remedy. However, because she had already filed a § 2255 motion, she could not file a second or successive one without Tenth Circuit approval. *See* 28 U.S.C. § 2255(h).

[2] The 2014 amendments to Rule 12 moved and restyled Rule 12(b)(3)(B) to Rule 12(b)(2).

matter, prepayment of fees is no longer an issue.  Scott is, nevertheless, required to pay all filing and docketing fees ($505.00).  Payment must be made to the Clerk of the District Court.

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge